## Matter of the Estate of CHARLES H. TWEED, Deceased.

(Surrogate's Court, New York County, June, 1919.)

Taxes — when executors should pay out of decedent's estate the personal property tax assessed against him — Greater New York Charter, § 892.

>    Where a testator died a resident of the city of New York on the 11th day of October, 1917, his executors should pay out of his estate the personal property tax assessed against him by the city of New York for the year 1918, inasmuch as the Greater New York Charter provides that the taxable status of all persons and property shall be fixed for each year on the first day of October in the preceding year.

PROCEEDING upon the judicial settlement of executors.

Lee & Wadsworth, for executors.

Miller, King, Lane & Trafford, for trustee.

William P. Burr, corporation counsel, for City of New York.

Leslie J. Tompkins, special guardian.

FOWLER, S. Upon the accounting of the executors a question arises as to whether they should pay the tax levied upon the personal property of the testator by the city of New York for the year 1918. The testator died on the 11th of October, 1917. Section 892 of the Greater New York Charter provides that the taxable status of all persons and property assessable for taxation in the city of New York shall be fixed for each year on the first day of October in the preceding year. As the testator resided in the city of New York and

was living on the 1st of October, 1917, he was liable to taxation on his personal property, and therefore the assessors properly inserted his name and the assessed value of his personal property in the annual record of the assessed valuation of personal property in the city of New York for the year 1918. The tax which was subsequently levied upon this assessment and which became due on the 1st of May, 1918, is properly payable out of the personal estate of the testator which came into the hands of his executors. *Matter of Babcock,* 115 N. Y. 450. Any other interpretation.of the statute would mean that the city of New York could not collect taxes on the personal property of any person dying after the first of October and before the first of the following May. Such an impractical construction of the statute should be avoided.

In *Matter of Freund,* 143 App. Div. 335, cited by the executors, lands of the testator had been assessed for the purpose of taxation prior to his death, but the taxes had not been levied at the date of his death, and the court held that such taxes were not deductible as an indebtedness from his personal estate. This decision had reference to taxes on real estate, which are a lien on the land after they become due and payable, and are therefore to be paid by the heirs or devisees and not by the personal representatives of the deceased.

The decree should provide for the payment by the executors of the taxes levied by the city of New York on the personal property of the testator for the year 1918.

Decreed accordingly.